JOHN M. KILLITS, PROS. ATTY., v. STATE EX REL. BRUNS.

**1.** ERROR LIES TO A JUDGMENT REMOVING A PROSECUTING ATTORNEY.

An action seeking to remove a prosecuting attorney from office for wilful neg-
lect of duty and gross misconduct, under sec. 1272, Rev. Stat., is a judicial
inquiry in a special proceeding, in which a judgment removing such officer
is a final order, affecting a substantial right, and upon which error may be
prosecuted.

**2.** PENALTY IN A PROSECUTION UNDER SECS. 1272 AND 6909, REV. STAT.

Wanton and wilful neglect of duty and gross misconduct in office on the part
of a prosecuting attorney constitutes an offense under sec. 6909, Rev. Stat.,
punishable by fine and imprisonment, or both, and removal from office and
disqualification to hold office, but the only penalty that can be imposed in a
prosecution under sec. 1272, Rev. Stat., is removal from office, involving depri-
vation of salary and emoluments of office, and payment of costs.

**3.** SECTION 7286, REV. STAT.—APPLIES TO TESTIMONY OF PARTY.

Section 1272, Rev. Stat., providing for the removal from office of a prosecuting
attorney for wilful neglect of duty and gross misconduct in office, though
not distinctly a criminal prosecution, is nevertheless, essentially penal, and
comes within sec. 7286, Rev. Stat., providing that the person so charged shall,
at his own request, but not otherwise, be a competent witness.

**4.** CIVIL CODE AUTHORIZING CALL BY ADVERSARY NOT APPLICABLE.

Under the rule stated in the preceding paragraph, sec. 5243, Rev. Stat., whereby
an adverse party may be compelled to testify, does not apply to a proceeding
under sec. 1272, Rev. Stat., when the complaint is based on facts which
would constitute an offense under sec. 6909, Rev. Stat., and testimony so
obtained should be disregarded as incompetent.

ERROR to the Court of Common Pleas of Williams county.

PER CURIAM.

The proceeding in the court below in this case was under sec. 1272,
Rev. Stat., to remove plaintiff in error from his office of prosecuting
attorney of Williams county, Ohio, and alleged wanton and wilful neg-
lect of duty, and gross misconduct in office.

It is provided by the statute that this complaint shall be filed and
heard before, and the questions involved determined by the court of
common pleas, and that said court shall render judgment therein remov-
ing the officer from his office if found guilty, and against the losing party
for costs.

The judgment in this case was against the plaintiff in error in
removing him from office. We hold that this was a judicial inquiry in a
special proceeding; that the judgment was final and affected a substan-
tial right of the plaintiff in error, and that therefore error may be prose-
cuted thereto by him in this court.

The charges and specifications on which the complaint is based are
an offense under sec. 6909, Rev. Stat., whereby they are made punish-
able by fine or imprisonment, or both, and removal from office, and dis-
qualification to hold office.

The only penalty, however, that may be imposed in a prosecution
of this character under sec. 1272, Rev. Stat., is removal from office,

Killits v. State.

involving deprivation of the salary and emoluments thereof, and payment of costs.

We hold, nevertheless, that section 1272, is essentially penal in its character, and that the proceeding, though not distinctly a criminal prosecution, is yet not a civil action, or proceeding, but that it has so far the elements of prosecution for crime, where, as in this case, it is based upon charges of crime, as to come fairly within the category of "proceedings against a person charged with the commission of an offense," mentioned in sec. 7286, Rev. Stat., and that, therefore, "the person so charged shall, at his own request, but not otherwise, be a competent witness," as provided in the section last cited.

The provisions of the civil code as to the competency of witnesses, and as to the defendant being obliged to submit to examination as a witness upon the call of his adversary, do not apply to a proceeding under sec. 1272, Rev. Stat., where the complaint is based upon alleged crimes under sec. 6909.

There is no statute affording him protection from prosecution on account of offenses divulged by him as a witness in a proceeding of this character. Kuder v. Cronice, 7 Ohio, 2nd pt., 249. In the case at bar it appears from the record that upon the defendant being called as a witness by the prosecution to testify, "upon the issues joined" he, through his counsel, objected to testifying, but that this objection was disregarded, and he was required to testify, to which ruling and order of the court he excepted. That the facts sought to be elicited from him as a witness were such as tended to support the charges and specifications is not left to rest upon presumption, but is made clearly apparent by the ensuing examination.

We are of the opinion that the court erred in thus requiring the defendant to testify, and that this was clearly prejudicial error requiring a reversal of the judgment. Kuder v. Cronice, *supra*.

The evidence thus obtained must be disregarded by us; and as the defendant was the only witness called, and there was no other evidence submitted in support of the charges, (the exhibits resting and depending upon his statement as to authenticity), we hold that the charges are not sustained by any competent evidence.

As the record stands, with this evidence eliminated, various questions debated before us as to the legality of the charges indicated by the bills attached, and as to the degree of guilty knowledge and intent necessary to be established to support the charges, become mere abstract questions, and we do not deem it proper or expedient to enter upon a discussion thereof, or to express our views thereon.

It is sufficient to say that the complaint sets forth sufficient grounds for the proceedings.

For the reasons stated the judgment of the court of common pleas in this case is reversed and the case is remanded to that court for further proceedings according to law, and judgment will be entered against the defendant in error for costs of this proceeding in error.